AO 91 (Rev. 5/85) Criminal Complaint

ARR Issued
ORIGINAL
FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 1 5 2009

JAMES N. HATTEN, Clerk
By: WBH  Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA
v.

WILLIAM DAVID OXFORD

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:09-MJ-1293

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  in <u>Douglas</u> County, in the Northern District of Georgia defendant(s) did,

after having been convicted of a crime punishable by imprisonment for a term exceeding one year, possess firearms that affected interstate commerce, that is, a Mossberg 12 gauge shotgun, a Clark's Manufacturing .32 caliber revolver, and a Beretta Shotgun, the latter firearm not being registered as required, and did knowingly and intentionally possess with intent to distribute a controlled substance, namely methamphetamine,

in violation of Title <u>18</u> United States Code, Section(s) 922(g), Title 21 United States Code, Sections(s) 841(a)(1), and Title 26 United States Code, Section 5861(d).

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

Please See Attached Affidavit

Continued on the attached sheet and made a part hereof.    (X) Yes    ( ) No

S/A C. Jo[hnson]
Signature of Complainant
Brian C. Johnson

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it.  Sworn to before me, and subscribed in my presence

October 15, 2009                                    at    Atlanta, Georgia
Date                                                       City and State

Gerrilyn G. Brill
United States Magistrate Judge
Name and Title of Judicial Officer              Signature of Judicial Officer
AUSA Kim Dammers

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, Brian C. Johnson, being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), United States Department of Justice, and have been so employed since July 8, 2007. I am currently assigned to the Atlanta Field Division, where I investigate various violations of Federal law. I am authorized to conduct criminal investigations, make arrests, and obtain search warrants. I have had over 2000 hours of law enforcement training to include education in areas related to firearms. I have been a law enforcement officer for approximately sixteen years. I previously worked for the City of Acworth Police Department, where I was a Major and second in command of the agency.

2. During my tenure as a law enforcement officer, I have received a Bachelor of Science Degree in History from Troy State University in Montgomery, Alabama, and a Master of Public Administration degree from Columbus State University in Columbus, Georgia. I have obtained and executed numerous search warrants and arrest warrants in the State of Georgia. Through the aforementioned training and experience, and through additional training and experience not noted above, I possess sufficient knowledge and understanding of various federal and state offenses to investigate and derive beliefs from known facts.

3. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws and know that it is a violation of Title 18, United States Code, Section 922(g)(1), for any person to possess a firearm or ammunition who has been

1

convicted of a crime punishable by imprisonment for a term exceeding one year; it is a violation of Title 21, United States Code, Section 841(a)(1), for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; and it is a violation of Title 26, United States Code, Section 5861(d), for any person to receive or possess certain firearms not registered to him in the National Firearms Registration and Transfer Record.

4. On Wednesday, July 29th, 2009, Douglas County Sheriff's Office Confidential Informant number 122-24-09 purchased almost two grams of suspected methamphetamine and two firearms from WILLIAM DAVID OXFORD for $510.00 in recorded government funds. This transaction occurred at the Exxon gas station located at 3385 Fairburn Road in Douglasville, Georgia. The transaction was consensually recorded. The methamphetamine field tested positive. The guns were identified as a Mossberg 12 gauge shotgun, serial number DA001465 and a Clark's Manufacturing .32 caliber revolver, serial number 1A3296. The transaction was conducted under the supervision of officers from the Douglas County Sheriff's Office Special Investigations Unit.

5. On Wednesday, August 5th, 2009, Sgt. John Mauney, supervisor of the Special Investigations Unit, and Investigator Kim Cadwell (Special Investigations Unit member and case agent) contacted ATF Special Agent Brian C. Johnson and informed him that during the July 29th transaction between OXFORD and the CI, OXFORD told the CI that he had some small handheld "bombs" to sell that were allegedly made from C-4 (composition 4 plastic explosive). OXFORD told the CI that he would sell him/her the "bombs" for $50.00 each. OXFORD also told the CI that he could sell him/her a fully automatic AK-47.

6. As of that date (8/5/2009), OXFORD had made several attempts to meet with the CI to sell him/her some of the "bombs" and the automatic rifle, but the CI had not agreed to the transaction because he/she had not yet received permission from Inv. Cadwell to make the purchase. OXFORD was pressuring the CI to do the transaction Wednesday evening (8/5/2009), but OXFORD told the CI that he already sold the AK-47 to someone else and so had only the "eight ball" of methamphetamine and the "bomb" available.

7. That evening, the CI met with OXFORD at the same Exxon gas station where their first transaction was conducted. The transaction was coordinated and surveilled by Douglas County Sheriff's Office Special Investigations Unit personnel. The transaction was also consensually recorded. OXFORD sold the CI an "eight ball" of methamphetamine and a suspected destructive device for $295.00 in recorded government funds provided by the Douglas County Sheriff's Office. The destructive device was rendered safe by an ATF Explosives Enforcement Officer, who found the pvc pipe "bomb" to be filled with shrapnel including bullets and hypodermic needles, but which was determined to be non-functional because it lacked a means to initiate the charge. The methamphetamine was weighed at approximately 3.6 grams and field tested positive.

8. On Tuesday, September 1st, 2009, I coordinated a controlled purchase of one ounce of methamphetamine and one sawed off Beretta shotgun from OXFORD. The controlled purchase took place in the parking lot of the Dollar General located at 2084 Headland Drive in Atlanta, Georgia. The transaction was consensually recorded. The purchase was previously arranged with OXFORD by the CI. The CI used recorded government funds to purchase the ounce of methamphetamine for $1,400.00 and a Beretta Shotgun for $400.00. The

methamphetamine was weighed at approximately 28 grams and field tested positive. The shotgun was a Beretta Model 1200 semi-automatic 12 gauge shotgun bearing serial number T04774E. The barrel had been cut off just in front of the fore end, giving it a barrel length of 14.5 inches. Such a firearm is covered under 28 U.S.C. § 5845 and requires that it be registered in the National Firearms Registration and Transfer Record.

9. S/A Johnson contacted the National Firearms Act Records Branch and determined that the afore-mentioned shotgun is not registered in the National Firearms Registration and Transfer Record. S/A Johnson also found that WILLIAM DAVID OXFORD has no firearms registered to him in the National Firearms Registration and Transfer Record.

10. On Thursday, September 17th, 2009, at the direction of S/A Johnson, the CI arranged a controlled purchase of another ounce of crystal methamphetamine from OXFORD. The controlled purchase occurred in the parking lot of the Dollar General located at 2084 Headland Drive in Atlanta, Georgia on the afternoon of September 17th. OXFORD sold the CI one ounce of methamphetamine for $1,500.00 in recorded government funds. The transaction was consensually recorded. S/A Johnson weighed the methamphetamine at 28 grams and found that it field tested positive. The total weight of all methamphetamine purchased from OXFORD is approximately 60 grams.

11. A review of OXFORD'S criminal history indicates that he was convicted of a felony Violation of the Georgia Controlled Substances Act (Possession of Alprazolam) in Cobb County Superior Court (case number 09-9-1156-05) in Marietta, Georgia on June 15, 2009.

12. It is my belief based on personal knowledge and discussion with other agents that the firearms purchased from OXFORD moved in interstate commerce.

13. Based upon my experience, training, and the totality of the circumstances found in the above information, I believe probable cause exists that WILLIAM DAVID OXFORD did violate Title 18, United States Code, Section 922(g)(1), for any person to possess a firearm or ammunition who has been convicted of a crime punishable by imprisonment for a term exceeding one year; Title 21, United States Code, Section 841(a)(1), for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; and Title 26, United States Code, Section 5861(d), for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.